PER CURIAM:
Claimant alleges that on April 22, 1990, he was traveling on Route 28 in Calhoun County, when his 1975 American Motors Hornet station wagon struck an eight to ten inch rock in the middle of this gravel road. Claimant was a passenger, and his wife was driving when this accident accurred. He believes the accident damaged the tail pipe and transmission of his vehicle. Claimant seeks $350.00 for transmission repairs and $53.19 for a tail pipe replacement. His total claim is for $403.19.
Respondent denies liability, having no notice of the particular hazard complained of. Respondent’s witness, Keith Lynch, the Calhoun County highway maintenance supervisor, testified that no complaints were received from claimant prior to the accident, although claimant states otherwise.
Claimant testified that no one was injured in this accident, and that his wife was driving about 5 to 10 m.p.h. on what he described as a normal sunny day. He further testified that the rock may have been left after a neighbor voluntarily graded the road with a farm tractor. *167 Claimant concluded his testimony by explaining that the transmission repair estimate presented to the Court appeared high, so he personally repaired the transmission for $50.00 with used parts. The tail pipe was replaced at the stated amount of $53.19 by a repair shop.
The State is neither an insurer nor a guarantor of the safety of persons traveling on its highway. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by the rock, it must have had either actual or constructive notice of the defect and a reasonable amount of time to take suitable corrective action. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1977). As the claimant did not establish notice, and the defect complained of may have resulted from unauthorized repair of the road surface by claimant’s neighbor, the Court cannot hold respondent liable.
Claim disallowed.